UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DeANDRE HAMILTON,

Plaintiff,

v.

CAUSE NO. 3:20-CV-984-DRL-MGG

WARDEN, et al.,

Defendants.

OPINION AND ORDER

DeAndre Hamilton, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 about Indiana State Prison's response to the COVID-19 crisis. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hamilton's complaint is too vague to state a claim upon which relief may be granted. According to the complaint, two prison staff members (who are not defendants) working in his unit contracted COVID and caused his unit to go on lockdown because they still came to work. Mr. Hamilton then contracted COVID, and when he experienced distress, a signal was called but Wexford's medical team did nothing. He complains that

the medical staff did not follow CDC guidance on wearing personal protective equipment.

One key requirement for a claim under § 1983 is that a plaintiff must allege facts showing how a defendant was personally involved in an alleged constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Here, some defendants are not even mentioned in the body of the complaint, and the complaint is unclear about how others are connected the allegations. As for a defendant he does mention—the Medical Wexford Team—he does not name the members of the team, and so the court cannot identify who could be responsible for any alleged violations. Medical Wexford Team cannot serve as a placeholder for the individual members of the team and must be dismissed as a defendant. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Hamilton may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Mr. Hamilton decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible. To

file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES Wexford Indiana State Medical Team;

(2) GRANTS DeAndre Hamilton until **July 21, 2021**, to file an amended complaint; and

(3) CAUTIONS DeAndre Hamilton if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 21, 2021 *s/ Damon R. Leichty*
Judge, United States District Court